UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LEE DEARWESTER,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES, et al.,<br><br>  Defendants. | No. 2:19-cv-0124 CKD P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. On March 18, 2019, the court screened plaintiff's amended complaint as the court is required to do under 28 U.S.C. § 1915A(a). Plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

Again, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

In his complaint, plaintiff alleges he sent a request for documents under the Freedom of Information Act (FOIA), 5 U.S.C. §552, to several federal agencies. In his request to the

1

defendants / agencies, plaintiff seeks any information showing he was using his computer between May 5, 2009 and February 25, 2011.  Plaintiff asserts he needs this information to demonstrate his innocence.  In his letter to the agencies, plaintiff states "[y]our P.R.I.S.M program and its data farms are my last / best hope for this exculpatory evidence."  According to Wikipedia, "PRISM is the code name for a program under which the [National Security Agency] (NSA) collects internet communications from various internet companies" and "[i]ts existence was leaked . . . by NSA contractor Edward Snowden. . ."

Plaintiff asserts "[d]efendants have refused to provide plaintiff with copies of the aforementioned records, either by directly denying plaintiff's requests for same or in defendant's failure to respond to plaintiff's requests for same."  Plaintiff makes no allegations particular to any specific request to any specific defendant.

The problem with plaintiff's claims is that while federal agencies usually must respond to FOIA requests, they are not always required to turn over documents, if, for example, they do not have any responsive documents.  This being the case, plaintiff has not adequately alleged that any specific agency he has named as a defendant has violated the FOIA.

Good cause appearing, the court will grant plaintiff a second opportunity to amend so that he might point to specific facts indicating how each defendant violated the FOIA.  Plaintiff is again informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////
/////
/////
/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: November 5, 2019

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
dear0124.14(2)